

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Superseded By act. 29. d
V.C.S.*

Honorable Don D. Parker
County Auditor
Eastland County
Eastland, Texas

Dear Sir:

Opinion No. O-2981
Re: Application of Article 326q,
Vernon's Annotated Civil
Statutes, establishing of-
fice of Criminal District
Attorney, to Eastland County;
and related questions.

Your recent request for an opinion of this Depart-
ment upon the questions as are herein stated has been re-
ceived.

We quote from your letter as follows:

"Article 326q Revised Civil Statutes of Texas
reads in part as follows, 'In those Counties in
this State having a population of not less than
Thirty-Three Thousand Five Hundred (33,500) and
no more than Seventy-Five Thousand (75,000) in-
habitants and not containing a city of more than
Fifty Thousand (50,000) inhabitants as determined
by the last preceding Federal Census, and each
succeeding Federal Census thereafter, and in
which Counties there are one or more Judicial
Districts, and in which the County Attorney per-
forms the duties of County Attorney and District
Attorney, and in which there is not now a Dis-
trict Attorney, the office of Criminal District
Attorney is hereby created, and shall exist
from and after the passage of this Act. Such
office shall be known as Criminal District At-
torney of such County.'

"Eastland County according to the unoffi-
cial 1940 census has a population of 30,426. It
does not contain a city of more than 50,000

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Don D. Parker, page 2

inhabitants. The County comprises two judicial Districts. On the date Article 326q was enacted and became effective the County had no District Attorney and the County Attorney performed the duties of County and District Attorney.

"Your opinion on the following questions will be appreciated.

"1. Does Article 326q, after considering the above facts, continue to apply to Eastland County?

"2. If not, would the present duly elected Criminal District Attorney by virtue of former or general laws become County Attorney or would it be necessary for the Commissioners' Court to appoint one?

"3. What would be the basis and amount of his compensation if Article 326q no longer applies to Eastland County?"

Your first question must be answered in the negative. To construe this Act as requiring that its provisions continue to apply to counties which no longer possess the characteristics made the basis for differentiating between them and other counties would, in our opinion, render the Act unconstitutional as special and local legislation violative of Article III, Section 56, of our Constitution.

Constitution, Article III, Section 56, provides in part:

"The Legislature shall not . . . pass any special or local law, authorizing:

"Regulating the affairs of counties . . .

"Creating offices, or prescribing the powers and duties of officers, in counties . . ."

Under these provisions, the Legislature is at liberty to classify counties according to distinguishing characteristics,

Honorable Don D. Parker, page 3

and enact legislation affecting only those counties possessing
particular characteristics, provided the basis for classifica-
tion selected reasonably indicates the necessity or propriety
for applying such legislation to such counties to the exclusion
of those counties which do not possess the characteristics upon
which the classification is predicated. Since the possession
of such distinguishing characteristics is necessary to justify
differentiation in the first instance, it is obvious that a
legislative attempt to continue the differentiation after those
distinguishing characteristics cease to exist must run afoul of
the constitutional inhibition against the passage of local and
special laws.

Our Supreme Court on several occasions has held un-
constitutional laws which applied only to counties having a
certain population as of the 1920 census, on the ground that
such laws, by their terms, excluded from their operation counties
which might subsequently attain this specified population.
Womack v. Carson, 70 S.W. (2d) 416; City of Fort Worth v.
Bobbitt, 36 S.W. (2d) 470. The principle embodied in these
decisions has application here, for to apply the law under
consideration to a county which no longer possesses the char-
acteristics upon which the classification was made is to assert
that laws applying to other counties possessing the characteris-
tics now possessed by such county cannot be applied to such
county. Where classification for purposes of legislation is
predicated upon characteristics which are not immutable, it is
as imperative, constitutionally, that the law should not apply
to those who no longer possess the characteristics, as it is
that it should apply to those who subsequently attain them.

Apart from the foregoing considerations, (which, of
course, are vital in determining the construction to be placed
upon this law) we are convinced that the law is not intended to
apply to a county which no longer possesses the characteristics
of the classification. The Act applies, in terms, only to those
counties having, among other characteristics, a population of not
less than 33,500 and no more than 75,000 inhabitants "as deter-
mined by the last preceding Federal Census and each succeeding
Federal Census thereafter - ." This provision clearly requires
the re-examination of the question of the application of the
law to the various counties at each Federal Census; and wheth-
er a particular county falls within the provisions of the law
depends on its population as determined by the most recent
Federal Census, not on its population as determined by the

Honorable Don D. Parker, page 4

1930 Census. A provision that the office created "shall exist from and after the passage of this Act" is of no significance -- it merely declares, in effect, that the law is self-executing upon the counties within the classification.

Since we have thus determined that Article 326q no longer has application to Eastland County, questions of the constitutionality of such Act are not before us, and we do not consider or discuss them.

Since Article 326q no longer applies to Eastland County, it necessarily follows that the office purportedly created, "Criminal District Attorney," no longer exists in such County. Giving full effect to the law, it was only by virtue of its provisions that the office of Criminal District Attorney exist-ed in Eastland County while such county was within the classifi-cation specified, and it was only by virtue of the continued application of such law to the county that the office of County Attorney did not exist during the period of its application. It necessarily follows that there is now a vacancy in the of-fice of County Attorney for Eastland County, which vacancy it is the duty of the Commissioners' Court to fill by appointment.

We now consider your third question. Section 13 of Article 3912e of Vernon's Annotated Civil Statutes reads in part as follows:

"Sec. 13. The Commissioners' Court in coun-ties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit: sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who per-form the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual salary in twelve (12) equal in-stallments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935; provided that in coun-ties having a population of twenty thousand (20,000)

Honorable Don D. Parker, page 5

and less than thirty-seven thousand and five hundred (37,500) according to the last preceding Federal Census, and having an assessed valuation in excess of Fifteen Million ($15,000,000.00) Dollars, according to the last approved preceding tax roll of such county the maximum amount allowed such officers as salaries may be increased one (1%) per cent for each One Million ($1,000,000.00) Dollars valuation or fractional part thereof, in excess of said Fifteen Million ($15,000,000.00) Dollars valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935; and provided that in counties having a population of thirty-seven thousand five hundred (37,500) and less than sixty thousand (60,000) according to the last preceding Federal Census, and having an assessed valuation in excess of Twenty Million ($20,000,000.00) Dollars, according to the last preceding approved tax roll of such county, the maximum amount allowed such officers as salaries, may be increased one (1%) per cent for each One Million ($1,000,000.00) Dollars valuation or fractional part thereof, in excess of said Twenty Million ($20,000,000.00) Dollars valuation over and above the maximum amount allowed such officer under laws existing on August 24, 1935.

"(a) The Commissioners' Court may authorize the employment of a stenographer by the county judge and pay for such services out of the general fund of the county to an amount not to exceed Twelve Hundred ($1,200.00) Dollars per year.

"(b) The compensation of a criminal district attorney or county attorney performing the duties of district Attorney, together with the compensation of his assistants, shall be paid out of the County Officers' Salary fund, but the State shall pay into such fund each year an amount equal to a sum which bears the same proportion to the total salary of such criminal district attorney or county attorney performing the duties of a district attorney, together with the salary of his assistants, as

Honorable Don D. Parker, page 6

all felony fees collected by such official dur-
ing the year of 1935 bear to the total fees col-
lected by such official during such year.

"  . . . ."

Since January 1, 1936, county officials of all coun-
ties having a population of 20,000 inhabitants or more, and
less than 195,000 inhabitants, according to the last preced-
ing Federal Census, have been compensated on an annual salary
basis. Section 13 of Article 3912e, quoted above, specifically
provides that "each of said officers shall be paid in money an
annual salary in twelve (12) equal installments of not less
than the total sum earned as compensation by him in his offi-
cial capacity for the fiscal year 1935, and not more than the
maximum amount allowed such officer under laws existing on
August 24, 1935; . . . ." Since the passage and effective date
of Article 326q, supra, there has been no duly elected, act-
ing and qualified County Attorney of Eastland County but a
"Criminal District Attorney" has been elected and acting under
the provisions of said statute. There was no County Attorney
for Eastland County for the year 1935, therefore, there was no
compensation earned by the County Attorney in his official
capacity for the fiscal year of 1935. If Eastland County had
a County Attorney for the year 1935, the annual salary of the
County Attorney to be appointed by the Commissioners' Court
would be fixed as provided by Section 13, Article 3912e; that
is, his minimum salary should not be less than the total sum
earned as compensation by him in his official capacity for the
fiscal year 1935, and not more than the maximum amount allowed
such officer under laws existing on August 24, 1935. Eastland
County had a population of 34,156 inhabitants, according to the
1930 Federal Census.

Referring to the Commissioners' Court, it is stated
in Texas Jurisprudence, Vol. 34, p. 525, that:

"The court may not deny the officer any
compensation whatever, and an order attempting
to do so is void. Until the rate has been
fixed by the commissioners' court, the offi-
cer is entitled to the maximum rate specified
in the statute. . . ."

Honorable Don D. Parker, page 7

Eastland County has a population of 30,426 inhabitants, according to the 1940 Federal Census. Therefore, all county officials of said county must be compensated on an annual salary basis, as provided by Sec. 13 of Article 3912e, supra. Therefore, it is the opinion of this Department that the salary of the County Attorney to be appointed must be a reasonable salary, and the maximum cannot exceed the amount allowed such officer under laws existing on August 24, 1935, pertaining to counties coming within the same population bracket as Eastland County in the year 1935. In counties containing 25,001 and not more than 37,800 inhabitants, under Articles 3883 and 3891, Vernon's Annotated Civil Statutes, the maximum salary of the County Attorney in said counties for the year 1935 could not exceed $3500.00. It is our further opinion that the salary of the County Attorney to be appointed by the Commissioners' Court could not exceed the sum of $3500.00, and the minimum cannot be based on the amount earned by said office in 1935, as said office was vacant and no compensation was earned for that year. We believe that the minimum should be a reasonable amount, as may be determined by said court, and as above stated, the maximum amount could not exceed $3500.00 per year.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     *Ocie Speer*

Ocie Speer
Assistant

By     *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF:db

APPROVED APR 7, 1941

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN